**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

3M COMPANY,

      Plaintiff,

vs.                                                          Case No. _____

3M'S AUTOMOTIVE INC.,

      Defendant.

_____/

**COMPLAINT FOR TRADEMARK INFRINGEMENT**
**AND DILUTION, AND UNFAIR COMPETITION**

**NATURE OF ACTION AND JURISDICTION**

1.      This is an action for trademark infringement, unfair competition, and dilution under the trademark act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("**Lanham Act**"); trademark dilution under Florida Statutes § 495.151; and trademark infringement under Florida common law.

2.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; pursuant to chapter 85 of the judiciary and judicial procedure code, 28 U.S.C. §§ 1331 and 1338; and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

**PARTIES**

3.      3M Company ("**3M**") is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

4.      Defendant 3M'S AUTOMOTIVE INC. is a Florida corporation with a principal place of business at 2023 Del Prado Boulevard South, Suite B, Cape Coral, Florida 33990.

**FACTS**

**A.      3M'S BUSINESS AND TRADEMARKS**

5.      3M owns the mark and trade name 3M (the "**3M Mark**").   3M commenced use of the 3M Mark in commerce which may lawfully be regulated by Congress over a century ago.  Since that time, 3M has continuously used the 3M Mark in commerce.

6.      3M is one of the world's most diversified companies.  Over the years, 3M has expanded its use of the 3M Mark and presently offers thousands of products and services in a wide variety of fields under the 3M Mark.

7.      3M offers a vast array of products for the automotive sector, and has a long history in the automotive and automotive aftermarket and repair industries.  3M supplies the automotive and automotive aftermarket and repair industries with thousands of different products and services, and offers its products and services throughout the U.S. and globally.

8.      3M promotes its automotive-related products and services in a number of ways,   including   on   its   websites   3Mcollision.com;   3Mauto.com,   and solutions.3m.com/wps/portal/en_US/3M/Automotive.  The 3M Mark appears prominently on these websites and in connection with such automotive-related products and services.

9.      3M is also involved in the automotive industry through its affiliation with the National Association for Stock Car Racing, Inc. ("**NASCAR**").  For many years, 3M has been the sponsor of the No. 16 car in the NASCAR racing circuit.  The 3M Mark has been displayed prominently on the No. 16 car and used extensively in connection with 3M's NASCAR-related activities and promotions.

10.      3M operates manufacturing plants and automotive centers around the world.

11.      Over the years, 3M has operated through a large number of other names and entities bearing the 3M Mark in connection with a wide variety of goods, services, and markets, including "3M Automotive Industry Center."

12.      For many years, 3M has displayed the 3M Mark as a part of a logo design. 3M's current logo design, adopted in 1978, consists of "3M" in block Helvetica letters (as shown below).  This logo is used in connection with almost every 3M product and service, and is displayed prominently on 3M's website at www.3M.com.



13.      3M has developed an enormous amount of goodwill in its 3M Mark and has established an excellent business reputation.  The 3M Mark is extremely well-known and respected by consumers.  The 3M Mark represents products indicative of 3M's commitment to providing high-quality, innovative products and services to consumers.

14.      The 3M Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

3

15.     As a result of the long use and promotion of the 3M Mark by 3M, the 3M Mark has become distinctive to designate 3M, to distinguish 3M and its products and services from those of other businesses, and to distinguish the source or origin of 3M's products and services.   As a result of these efforts by 3M, the consuming public in Florida and throughout the United States widely recognizes and associates the 3M Mark with 3M and its diverse offering of products and services.

16.     The 3M Mark is famous throughout the United States, including in Florida, and is highly distinctive.

17.     The 3M Mark became famous throughout the United States, including in Florida, long before Defendant commenced use of its mark.

18.     The 3M Mark is widely recognized by the general consuming public of the United States as a designation of 3M's goods and services.

19.     The 3M Mark is well-known to those in the automotive and automotive aftermarket and repair industries.

20.     As a result of 3M's long use and promotion of the 3M Mark in Florida and elsewhere, 3M has acquired valuable common law rights in the 3M Mark.

21.     In accordance with federal law, 3M has registered the 3M Mark on the Principal Register of the United States Patent and Trademark Office ("**USPTO**").   3M now owns hundreds of U.S. registrations for the 3M mark for numerous products and services.  *See, e.g.*, U.S. Reg. Nos. 1214547, 1270473, 1363965, 1410228, 1599607, 1729347, 1959106, 1959107, 1959108, 1959109, 2072005, 2103462.  These registrations

are valid and subsisting, and all are incontestable pursuant to 15 U.S.C. § 1065.  True and correct copies of these registrations are attached hereto as **Exhibit A**.

**B.     DEFENDANT'S INFRINGING ACTIVITIES**

22.     Upon information and belief, Defendant provides services in the automotive repair industry.  For example, on a website operated by Defendant or an affiliated person or entity at http://www.3msautomotive.com/Home.php, Defendant states that "For all your automotive service needs, trust 3M's Automotive, where your satisfaction is guaranteed."  This website enables consumers to view a list of services and promotional deals offered by Defendant.  Print-outs of portions of this website are attached hereto as **Exhibit B**.

23.     Defendant promotes its services under the name and mark "3M's Automotive" (the "**3M'S AUTOMOTIVE Mark**").  The 3M'S AUTOMOTIVE Mark, which is sometimes presented in a typestyle similar to that used by 3M with its 3M logo, is prominently displayed at least on Defendant's signage and website (as shown below).





24.     Defendant filed an application at the USPTO to register the mark 3M'S AUTOMOTIVE INC. and Design (shown directly above) for "automobile repair and maintenance" in class 37 (Serial No. 85893542) ("**Defendant's Application**").   3M has timely opposed Defendant's Application.

25.     Defendant is using the 3M'S AUTOMOTIVE Mark in commerce.

26.     Defendant is not affiliated with or sponsored by 3M and has not been authorized by 3M to use the 3M Mark, or any confusingly similar mark.

27.     3M has notified Defendant of its trademark rights, and has attempted to resolve this dispute with Defendant prior to filing this lawsuit.   Defendant has refused 3M's attempts to resolve this matter amicably, and has continued using the 3M'S AUTOMOTIVE Mark.

## C.     EFFECT OF DEFENDANT'S ACTIVITIES

28.     Defendant's unauthorized use of the 3M'S AUTOMOTIVE Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with 3M, or as to the origin, sponsorship, or approval of Defendant's products and services by 3M.

29.     Defendant's unauthorized use of the 3M'S AUTOMOTIVE Mark falsely designates the origin of its products, and falsely and misleadingly describes and represents facts with respect to Defendant and its products and services.

30.     Defendant's unauthorized use of the 3M'S AUTOMOTIVE Mark unfairly enables Defendant to trade on and receive the benefit of goodwill built up at great labor

and expense by 3M over many years, and to gain acceptance for its products and services not solely on its own merits, but on the reputation and goodwill of 3M, its 3M Mark, and its products and services.

31.     Defendant's unauthorized use of the 3M'S AUTOMOTIVE Mark is likely to cause dilution by blurring and by tarnishment of 3M's famous 3M Mark.

32.     Defendant's unauthorized use of the 3M'S AUTOMOTIVE Mark unjustly enriches Defendant at 3M's expense.  Defendant has been and continues to be unjustly enriched by obtaining a benefit from 3M by taking undue advantage of 3M and its goodwill.  Specifically, Defendant has taken undue advantage of 3M by trading on and profiting from the goodwill in the 3M Mark developed and owned by 3M, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

33.     Defendant's unauthorized use of the 3M'S AUTOMOTIVE Mark removes from 3M the ability to control the nature and quality of products and services associated with the 3M Mark, and places the valuable reputation and goodwill of 3M in the hands of Defendant, over whom 3M has no control.

34.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

35.     3M repeats the allegations above as if fully set forth herein.

36.     The acts of Defendant complained of herein constitute infringement of the federally registered 3M Mark in violation of 15 U.S.C. § 1114(1).

### COUNT II: FEDERAL UNFAIR COMPETITION

37.     3M repeats the allegations above as if fully set forth herein.

38.     The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT III: FEDERAL DILUTION

39.     3M repeats the allegations above as if fully set forth herein.

40.     Defendant's use in commerce of the 3M'S AUTOMOTIVE Mark is likely to cause dilution by blurring and/or tarnishment of the famous 3M Mark in violation of 15 U.S.C. § 1125(c).

### COUNT IV:  DILUTION UNDER FLORIDA LAW

41.     3M repeats the allegations above as if fully set forth herein.

42.     The acts of Defendant complained of herein constitute dilution of the 3M Mark in violation of Florida Statutes § 495.151.

### COUNT V: COMMON LAW TRADEMARK INFRINGEMENT

43.     3M repeats the allegations above as if fully set forth herein.

44.     The acts of Defendant complained of herein constitute trademark and trade name infringement in violation of the common law of the State of Florida.

## COUNT VI: REFUSAL OF REGISTRATION

47.     3M repeats the allegations above as if fully set forth herein.

48.     This Court has the power under 15 U.S.C. § 1119 and 28 U.S.C. § 2201 to determine Defendant's right to registration of the 3M'S AUTOMOTIVE INC. and Design mark (Serial No. 85893542).

49.     The 3M'S AUTOMOTIVE INC. and Design mark, the subject of Defendant's Application, so resembles 3M's 3M Mark as to be likely to cause confusion, or to cause mistake, or to deceive.  Registration should therefore be refused under 15 U.S.C. § 1052(d).

50.     The 3M'S AUTOMOTIVE INC. and Design mark would be likely to cause dilution by blurring of 3M's 3M Mark under Section 43(a) of the Lanham Act. Registration should therefore be refused under 15 U.S.C. § 1052, last paragraph.

## DEMAND FOR RELIEF

**WHEREFORE,** 3M demands that:

(a)     Defendant, its agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the marks, names and/or domain names "3M," "3M'S Automotive," "3M'S AUTOMOTIVE INC.," 3msautomotive.com, and any other mark, trade name, fictitious business name, company name, domain name, or designation that is confusingly similar to or likely to cause dilution of the 3M Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b)     Defendant be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendant of an injunction, a report in

9

writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; and

(c)    The Court determine that Defendant is not entitled to registration of the 3M'S AUTOMOTIVE INC. and Design, mark and certify an order to the Director of the USPTO pursuant to 15 U.S.C. § 1119 refusing registration of Application Serial No. 85893542 with prejudice, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby.

DATED:  February 11, 2015

Respectfully submitted,

By:  _____

Danielle S. Kemp (FBN 0474855)
kempd@gtlaw.com
GREENBERG TRAURIG, P.A.
625 East Twiggs Street, Suite 100
Tampa, FL 33602
Telephone:  (813) 318-5700
Facsimile:   (813) 318-5900

-and-

William G. Barber
Wendy C. Larson
Pirkey Barber PLLC
600 Congress Avenue, Suite 2120
Austin, Texas  78701
(512) 322-5200
tmcentral@pirkeybarber.com

ATTORNEYS FOR PLAINTIFF
3M COMPANY